UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTERN SURETY COMPANY, AS ASSIGNEE AND SUBROGEE OF INTERSTATE ENGINEERING CORP., <br><br> Plaintiff, <br><br> vs. <br><br> MASSACHUSETTS WATER RESOURCES AUTHORITY, <br><br> Defendant. | CIVIL ACTION NO.  13-10015 |

## COMPLAINT

Western Surety Company, as Assignee and Subrogee of Interstate Engineering Corp. ("Western"), for its Complaint against the Massachusetts Water Resources Authority ("MWRA") states:

## PARTIES

1. Western is a South Dakota corporation engaged in the surety business with its principal office at CNA Plaza, 333 South Wabash Avenue, Chicago, Illinois  60604 and is in the business, among other things, of issuing surety performance and payment bonds.

2. MWRA is a public authority located at 100 First Avenue, Boston, Massachusetts 02129.

## JURISDICTION

3. This court has jurisdiction over this dispute based on diversity of citizenship under 28 U.S.C. § 1332, as Western has citizenship diverse from MWRA.

4. The amount in controversy exceeds, exclusive of interest, the sum of $75,000.00.

5. Venue is proper in this district pursuant to 28. U.S.C. § 1391.

## **FACTS**

6. At all times relevant to this action, Western has been in the business of, among other things, issuing payment and performance surety bonds to various contractors in connection with construction projects.

7. At all times relevant to this action, Interstate Engineering Corp. ("Interstate") was in the business of construction contracting.

8. On or about April 6, 2010, 2010 Interstate entered into a contract with MWRA known as "MWRA Contract Number 6966, Gravity Thickener Improvements – Phase I Deer Island Treatment Plant" ("Contract").

9. Western, as surety, executed and delivered to MWRA, as obligee, performance and payment bonds, each numbered 929496564 and each in the penal sum of $538,940.00 ("Bonds").

10. Pursuant to a certain indemnification agreement executed by Interstate in favor of Western, all proceeds from the Contract have been assigned to Western, as surety.

11. Pursuant to the indemnity agreement and Western's common law rights of equitable subrogation, Western is entitled to pursue and collect any sums due to Interstate from MWRA under the Contract.

12. The original amount of the Contract for the Project was $538,940.00. MWRA previously paid to Interstate $82,555.00. The remaining Contract balance due on the Contract is $456,385.00.

13. Interstate achieved substantial completion of the Project on May 18, 2012.

14. Western has made repeated demands on MWRA to receive the contract balances of $456,385.00 in connection with the Contract.

15. Despite repeated demands for payment, MWRA has failed to pay all remaining contract funds due under the Contract to Western.

16. All condition precedents to maintaining this action have been fulfilled.

## COUNT I
## (BREACH OF CONTRACT)

17. Western hereby incorporates Paragraphs 1 through 18 above, as if fully set forth herein.

18. MWRA is obligated to remit payment for work completed by Interstate on the Contract pursuant to its Contract with Interstate and applicable statutes.

19. MWRA is obligated to remit payment to Western, as Interstate's surety, and pursuant to Interstate's assignment of contract balances to Western and Western's rights of equitable subrogation.

20. MWRA has breached its Contract with Interstate by failing to remit payments to Western, thereby causing damage to Western.

## COUNT II
## (QUANTUM MERUIT)

21. Western hereby incorporates Paragraphs 1 through 20 above, as if fully set forth herein.

22. Interstate substantially and in good faith entered into the Contract with MWRA.

23. As a direct and proximate result of Interstate entering into its Contract with MWRA, the refusal of MWRA to remit the remaining Contract balances to Western, MWRA has been unjustly enriched.

24. Under the doctrine of *quantum meruit*, Western, as assignee and subrogee of Interstate is entitled to recover from MWRA the fair value of labor, material and services

provided by Interstate to the Contract for which Interstate and Western, as Assignee and Subrogee, has not been paid.

25. Western is entitled to receive the contract balances in the amount of $456,385.00.

WHEREFORE, Western requests judgment against MWRA in the amount of $456,385.00 plus interests, costs, and attorney's fees, and such other relief as the court may deem just and proper.

Respectfully submitted,

WESTERN SURETY COMPANY
By Its Attorneys,

/s/ *Bradford R. Carver*
Bradford R. Carver; BBO # 565396
 bcarver@hinshawlaw.com
Paula-Lee Chambers, BBO # 566888
 pchambers@hinshawlaw.com
Hinshaw & Culbertson LLP
28 State Street
24th Floor
Boston, MA 02109-1775
617-213-7000 (Telephone)
617-213-7001 (Facsimile)

Date:   January 3, 2013